IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) | CIVIL NO. 17-00435-SOM-RT |
| Plaintiff, | ) ) ) | ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS |
| vs. | ) ) | PENDING APPEAL AND APPROVAL OF FORM OF SUPERSEDEAS BOND |
| OHANA CONTROL SYSTEMS, INC., a Hawaii Corporation, AMIR BOROCHOV, and LINDA KINJO, | ) ) ) ) | OR OTHER SECURITY |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL
AND APPROVAL OF FORM OF SUPERSEDEAS BOND OR OTHER SECURITY**

**I.     INTRODUCTION.**

Before the court is a motion filed by Defendants Ohana Control Systems, Inc., Amir Borochov, and Linda Kinjo seeking a stay of a judgment against them pending appeal. A jury awarded Plaintiff Philadelphia Indemnity Insurance Company $20,260.93 in damages on their breach of contract claim against Defendants, ECF No. 229, PageID # 4665, and, in post-trial proceedings, this court ordered Defendants to deposit $698,515.00 in cash collateral with Philadelphia Indemnity. ECF No. 246. Defendants now ask this court to stay the judgment under Rule 62(b). That rule permits this court to issue a stay if the judgment debtor provides a bond or other security. According to Defendants, because they cannot post a bond, a stay should issue based on their alternative offer of security, specifically, a mortgage

interest in commercial property located on Eluwene Street (the "Eluwene Property"). However, Defendants have not met their burden of showing that they cannot post a bond. Accordingly, this court, proceeding under Local Rule 7.1(c) without a hearing, denies Defendants' motion without prejudice to its refiling with a fuller record.

**II.      ANALYSIS.**

Defendants ask this court to stay the judgment against them under Rule 62(b) of the Federal Rules of Civil Procedure.[1] Rule 62(b), which was amended in 2018, states that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Defendants ask this court to stay the judgment given their offer of "other security" (specifically, a mortgage on the Eluwene Property). ECF No. 265, PageID # 6032-33.

Even before Rule 62(b) was amended in 2018, the Ninth

---

[1] Both parties analyze Defendants' motion under Rule 62(b). Some decisions have held that because a judgment directing a party to post collateral orders specific performance, the judgment debtor must request a stay under Rule 62(c). *See, e.g.*, *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 2010 WL 11627176, at *2 (E.D.N.Y. Nov. 30, 2010); *U.S. Home Corp. v. Settlers Crossing, LLC*, 2015 WL 3973071, at *5 (D. Md. June 29, 2015). In relying on Rule 62(b), the parties appear to be viewing the portion of the judgment referring to collateral as "akin to a money judgment." *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, 2014 WL 12669557, at *2 (S.D. Cal. Aug. 28, 2014) (quotation marks omitted). Given the parties' agreement that Rule 62(b) applies here, this court addresses the present motion under that rule.

Circuit recognized that, "[a]lthough Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee."  *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (citing *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

District courts were allowed to exercise that discretion under two circumstances:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise [its] discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

*Poplar Grove*, 600 F.2d at 1191; *accord Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) ("[A]n inflexible requirement of a bond would be inappropriate in two sorts of case: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money;

and—the opposite case, one of increasing importance in an age of titanic damage judgments—where the requirement would put the defendant's other creditors in undue jeopardy."); *Pauma Band*, 2014 WL 12669557, at \*3.

The 2018 amendment to Rule 62(b) that permits a district court to stay a judgment once a party posts "a bond or other security" codified these decisions. *See* Fed. R. Civ. P. 62(b) Advisory Committee's Note to 2018 amendment ("The new rule's text makes explicit the opportunity to post security in a form other than a bond."); *see also Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2006-18 v. Cornish*, 759 F. App'x 503, 510 (7th Cir. 2019) ("[T]he 2018 amendments also make clearer that courts have the power to provide sufficient security for appellees, along the lines we recognized in *Olympia Leasing Equipment*, if the usual forms of security are not sufficient or appropriate for some reason."). Thus, as amended, Rule 62(b) allows courts to approve an alternate form of security if either (1) the judgment debtor shows that its ability to pay the judgment is plain and it presents the court with a financially secure plan for maintaining solvency, or (2) the judgment debtor demonstrates that the posting of a full supersedeas bond would impose an undue financial burden. *Poplar Grove*, 600 F.2d at 1191.

Defendants contend that they fall into the second

4

category.[2]  They maintain that because they are financially unable to post a supersedeas bond, this court should accept their offer of a mortgage on the Eluwene Property as an alternate form of security.  ECF No. 265, PageID # 6032.  This court agrees that, if Defendants lack the ability to post a bond, the proposed mortgage might be a sensible alternative guarantee.  However, Defendants have not met their burden of showing that they cannot post a bond.  See Poplar Grove, 600 F.2d at 1191 ("If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure.").  Although Defendants have provided a great deal of evidence demonstrating that they cannot obtain a loan, they have not provided this court with any information about their personal finances.

That presents a problem.  Without such information, this court cannot verify that Defendants are, in fact, unable to post a bond.  Defendants may indeed be entitled to a stay under Rule 62(b) if they are financially unable to post a bond and if they offer Philadelphia Indemnity a mortgage on the Eluwene

---

[2]  Because of the uncertainty inherent in foreclosing on a property, Defendants' offer of a mortgage on a commercial property as an alternative to a supersedeas bond does not make it plain that Philadelphia Indemnity will be able to collect on the judgment.

Street property.  However, Defendants have not met their burden of demonstrating such an inability by, for example, submitting information about all of Borochov's and Kinjo's personal assets and liabilities and personal income and expenses.  Accordingly, Defendants' motion for a stay under Rule 62(b) is denied.

**III.    CONCLUSION.**

Defendant's motion for a stay pending appeal is denied without prejudice to the renewal of the motion with additional information.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 4, 2020.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Philadelphia Indemnity Insurance Co. v. Ohana Control Sys., Inc.*, Civ. No. 17-00435 SOM-RT; ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL AND APPROVAL OF FORM OF SUPERSEDEAS BOND OR OTHER SECURITY