IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, A PENNSYLVANIA CORPORATION;<br><br>          Plaintiff,<br><br>  vs.<br><br>OHANA CONTROL SYSTEMS, INC., A HAWAII CORPORATION; AMIR BOROCHOV, LINDA KINJO,<br><br>          Defendants. | CIV. NO. 17-00435 SOM-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES
AND RELATED NONTAXABLE EXPENSES

Before the Court is Plaintiff Philadelphia Indemnity Insurance Company's

("Plaintiff") Second Motion for Attorneys' Fees and Related Nontaxable Expenses

("Second Motion for Attorneys' Fees") (ECF No. 299), filed on June 16, 2020, pursuant

to Haw. Rev. Stat. § 607-14, Federal Rules of Civil Procedure 54, and Local Rules of

Practice for the United States District Court for the District of Hawaii ("Local Rule")

54.2.  Plaintiff claims attorneys' fees in the amount of $369,055.00, as of May 29, 2020,

plus general excise tax of $17,389.87, plus an estimated additional $10,000.00 in

attorneys' fees, for a total of $396,444.87.  Philadelphia also seeks related nontaxable

expenses in the amount of $367.36.  The total attorneys' fees and costs claimed is

$396,812.23. The Court elects to decide the Motion without a hearing pursuant to Local Rule 7.1(c).

After careful review of Plaintiff's submissions, the parties' joint statement, the record in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART. The Court FINDS and RECOMMENDS that Plaintiff be awarded a total of $276,693.98 in attorneys' fees and $367.36 in costs. The Court RECOMMENDS that the Second Motion for Attorneys' Fees be DENIED in all other respects.

<u>BACKGROUND</u>

On August 29, 2017, Plaintiff filed its Complaint for (1) Breach of Contract of Indemnity; (2) Unjust Enrichment; (3) Quia Timet; and (4) Foreclosure of Security Interest. ECF No. 1. The Complaint alleges that Plaintiff and Defendants Ohana Control Systems, Inc. ("Defendant Ohana"), Amir Borochov, and Linda Kinjo (collectively "Defendants") entered into a General Indemnity Agreement ("GIA"), where Plaintiff, as Surety, issued performance and payment bonds on behalf of Defendant Ohana, as contractor and principal, upon which claims have been filed. Under the GIA, Defendants agreed to indemnify and hold Plaintiff harmless from any loss sustained or incurred as defined in the GIA. Defendants filed their Answer, Counterclaim, and Jury Demand, on October 31, 2017. ECF No. 16.

On November 21, 2017, Plaintiff filed a Motion to Dismiss the Defendants' Counterclaim for failure to state a claim upon which relief can be granted. ECF No. 18. The Court granted the Motion to Dismiss as to all counts of the Defendants'

Counterclaim on January 30, 2018.  ECF No. 31.  On February 21, 2018, Defendants

filed their First Amended Counterclaim.  ECF No. 37.

Jury trial in this case began on January 14, 2020, and lasted twelve days.  ECF No.

226.  On February 7, 2020, the Jury returned its verdict.  ECF No. 229.  Plaintiff

prevailed on both its Complaint and defense against Defendants' First Amended

Counterclaim.  Id.

On February 21, 2020, Plaintiff filed a Motion for Judgment for Specific

Performance (ECF No. 231), which the Court granted on March 31, 2020 (ECF No. 246)

and entered a First Amended Judgment on April 7, 2020 (ECF No. 250).  Defendants

were ordered to deposit cash collateral with Plaintiff in the amount of $698,515.00.  ECF

No. 250.  Defendants failed to post collateral with Plaintiff as required, and have filed

several post-judgment motions: Motion for New Trial (ECF No. 235); Second Motion for

New Trial (ECF No. 262); Defendants' Motion for Extension of Time to Post Collateral

(ECF No. 258); and Defendants' Motion for Stay of Proceedings Pending Appeal and

Approval of Form of Supersedeas Bond or Other Security (ECF No. 265).

On May 13, 2020, Plaintiff filed its first Motion for Attorneys' Fees and Related

Nontaxable Expenses ("First Motion").  ECF No. 281.  In its First Motion, Plaintiff

alleged that Defendants merely made a generalized objection and failed to identify their

specific objections.  Out of concern that the parties did not have the opportunity to fully

discuss Plaintiff's First Motion, the Court denied the First Motion without prejudice and

directed the parties provide information to one another and to meet and confer in a

meaningful attempt to resolve any disputes. ECF No. 283. On May 26, 2020,

Defendants filed a Notice of Appeal. ECF No. 288.

The parties filed its Joint Statement Re: Plaintiff's Attorney's Fees and Related

Nontaxable Expenses on June 9, 2020. ECF No. 298. On June 16, 2020, Plaintiff filed

its Second Motion for Attorney's Fees and Related Nontaxable Expenses ("Second

Motion for Attorneys' Fees"). ECF No. 299. On June 17, 2020, Plaintiff filed a Notice

of Errata to the Second Motion for Attorneys' Fees to include a table of authorities and to

correct the first four page numbers in the memorandum to the Second Motion for

Attorneys' Fees. ECF No. 300.

On June 24, 2020, Defendants filed their Memorandum in Opposition to the

Second Motion for Attorneys' Fees ("Opposition"). ECF No. 301.

On June 27, 2020, Defendants filed their First Amended Notice of Appeal. ECF

No. 305.

On July 1, 2020, Plaintiff filed its Reply to Defendants' Memorandum in

Opposition to the Second Motion for Attorneys' Fees. ECF No. 306.

DISCUSSION

A.    <u>Jurisdiction</u>

This case is currently pending appeal before the United States Court of Appeals

for the Ninth Circuit. The appeal, however, has not divested this Court of jurisdiction to

review the Second Motion for Attorneys' Fees. The Ninth Circuit has stated that district

courts in the Ninth Circuit retain jurisdiction over attorneys' fees motions even if a notice

of appeal has been filed. <u>See</u> <u>Leslie v. Grupo ICA</u>, 198 F.3d 1152, 1160 (9th Cir. 1999);

4

Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992); Sam K. ex rel. Diane C. v. Dep't of Educ., Hawaii, Civ. No. 12-00355 ACK, 2013 WL 3071317, at *2 (D. Haw. June 17, 2013), aff'd sub nom. Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ., 788 F.3d 1033 (9th Cir. 2015).

The Court has subject matter jurisdiction over Plaintiff's claim pursuant to diversity jurisdiction pursuant to 28 U.S.C. § 1332.  When sitting in diversity, a federal court applies state law to determine whether Plaintiff is the prevailing party entitled to attorneys' fees and costs.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Thus, Hawaii law is applicable in this case.

B.     Hawaii Law is Applicable

Under Hawaii law, attorneys' fees cannot be awarded as damages or costs unless provided by statute, stipulation, or agreement.  Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citing Weinberg v. Mauch, 78 Hawaiʻi 40, 53, 890 P.2d 277, 290 (1995)).  Plaintiff seeks an award pursuant to Haw. Rev. Stat. § 607-14, which states in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee.  The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Id.  To determine whether Plaintiff is entitled to an award of reasonable attorneys' fees under Haw. Rev. Stat. § 607-14, the Court must address whether (1) Plaintiff is the prevailing party; (2) a promissory note or contract provides for attorneys' fees in writing or the action is in the nature of an assumpsit; (3) the hourly rate and fees requested are reasonable; (4) the requested costs are reasonable; and (5) the fees do not exceed twenty-five (25) percent of the judgment.

C.    Defendants' Opposition was Untimely

Under Local Rule 54.2, Defendants' Opposition was due "within seven (7) days after service of the Fee Motion."  LR54.2(g).  Plaintiff's Second Motion for Attorneys' Fees was filed on June 16, 2020 (ECF No. 299) and was served on Defendants via electronic service that same day through the Court's CM/ECF system (ECF No. 299-14). Defendants' opposition was due on June 23, 2020.  Defendants' Opposition was late:  it was filed on June 24, 2020 (ECF No. 301).  When this Court denied without prejudice Plaintiff's First Motion for Attorneys' Fees in its Order Denying Without Prejudice Motion for Attorneys' Fees and Related Nontaxable Expenses, the Court reminded Defendants to "timely file their responsive memoranda in accordance with LR54.2(g)." ECF No. 283.  Here, Defendants disregarded the Court's instructions and Local Rule 54.2(g).  Pursuant to Local Rule 7.2, "[a]ny opposition or reply that is untimely filed may be disregarded by the court or stricken from the record."  Accordingly, the Court shall disregard Defendants' untimely Opposition (ECF No. 301).

D.    <u>Prevailing Party</u>

Only a prevailing party is entitled to its reasonable attorneys' fees under Haw. Rev. Stat. § 607-14. This Court must thus first determine whether Plaintiff is the prevailing party in this case. "[I]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court . . . " <u>MFD Partners v. Murphy</u>, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (citation omitted). In this case, the jury found in favor of Plaintiff and determined that Defendants breached the GIA, including the duty to post collateral, and awarded damages. Plaintiff also prevailed on Defendants' First Amended Counterclaim in that the jury found that Defendants failed to prove its claims against Plaintiff. On April 7, 2020, a First Amended Judgment was filed in favor of Plaintiff. ECF No. 250. In addition, the parties do not dispute that Plaintiff is the prevailing party on the Complaint and the First Amended Counterclaim. ECF No. 299-1 at p. 7. Accordingly, the Court finds that Plaintiff is the prevailing party.

E.    <u>Written Contractual Provision for Attorneys' Fees</u>

Haw. Rev. Stat. § 607-14 requires that the action be in the nature of assumpsit, on a promissory note, or on a written contract providing for attorneys' fees. In this case, Plaintiff is entitled to attorneys' fees under Haw. Rev. Stat. § 607-14 because the parties entered into a written contract, the GIA, that provides for it:

> Loss: Any and all liability, losses, costs, expenses, and fees of whatever kind or nature that Surety may sustain or incur as a result of executing any Bond or as a result of the failure of Principal or Indemnitors to perform or comply with this Agreement. **Loss includes but is not limited to: (i) sums posted by Surety as a reserve for the payment of potential losses and/or expenses; (ii) all costs and expenses incurred in connection with investigating, paying or litigating any claim, and/or enforcing this Agreement, including but not limited to legal fees and expenses**,

professional and consulting fees, technical and expert witness fees and
expenses . . .

ECF No. 299-1 at pp. 3-4.  The GIA is a contract in writing that provides for Plaintiff's

attorneys' fees and costs.  As such, Plaintiff may seek its reasonable attorneys' fees and

costs pursuant to Haw. Rev. Stat. § 607-14.

F.     Reasonable Attorneys' Fees and Costs

The Court now turns to the reasonableness of the attorneys' fees and costs

requested.  The chart below is a summary of the fees, costs, and hourly rates requested by

Plaintiff.

| Timekeeper | Rate | Hours | Total Requested |
|---|---|---|---|
| Roy T. Ogawa | $275.00 | 785.0 | $215,875.00 |
| Kurt K. Leong | $200.00 | 765.9 | $153,180.00 |
| | Total Fees | 1,550.9 | $369,055.00 |
| | GET | | $17,389.87 |
| | Total GET & Fees | | $386,444.87 |
| | Total Costs | | $367.36 |
| | Total Fees & Costs | | $386,812.23 |

1.     Reasonable Attorneys' Fees

Hawaii courts use a method nearly identical to the traditional "lodestar"

calculation to determine the reasonableness of attorneys' fees.  This method multiplies

(1) the number of hours reasonably expended by (2) a reasonable hourly rate.  Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983); Sheehan v. Centex Homes, 853 F. Supp. 2d 1031,

1041 (D. Haw. 2011) (citing DFS Group L.P. v. Paiea Props., 110 Hawaiʻi 217, 222, 131

P.3d 500, 505 (2006); Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 446,

32 P.3d 52, 90 (2001).

The lodestar calculation may be adjusted based on an evaluation of the factors

below, which have not been subsumed in the lodestar calculation:

> (1) the time and labor required, the novelty and difficulty of the questions
> involved and the skill requisite properly to conduct the cause;
>
> (2) whether the acceptance of employment in the particular case will
> preclude the lawyer's appearance for others in cases likely to arise out of
> the transaction, and in which there is a reasonable expectation that
> otherwise he would be employed, or will involve the loss of other
> employment while employed in the particular case or antagonisms with
> other clients;
>
> (3) the customary charges of the Bar for similar services;
>
> (4) the amount involved in the controversy and the benefits resulting to the
> client from the services;
>
> (5) the contingency or the certainty of the compensation; and
>
> (6) the character of the employment, whether casual or for an established and
> constant client.

Sheehan, 853 F. Supp. 2d at 1041 (citing Chun v. Bd. of Trs. of Emps.' Ret. Sys. of

Haw., 106 Hawaiʻi 416, 435, 106 P.3d 398, 358 (2005)) (citations omitted).  There is a

strong presumption that the lodestar amount calculated is reasonable.  See Schefke, 96

Hawaiʻi at 443, 32 P.3d at 87, n .72; (citing City of Burlington v. Dague, 505 U.S. 557,

562 (1992)).

        a.     Reasonable Hourly Rate

The Court must determine whether Plaintiff's requested hourly rates are

reasonable.  "Hawaii courts consider the reasonable hourly rate in a manner virtually

identical to the traditional lodestar formulation, and some Hawaii state courts have

considered federal law in determining a reasonable hourly rate."  Sheehan, 853 F. Supp.

2d at 1042 (citing County of Haw. v. C & J Coupe Family Ltd. P'ship, 120 Hawaiʻi 400,

407, 208 P.3d 713, 720 (2009); Blum v. Stenson, 465 U.S. 886, 895 (1984)). This Court

finds that federal case law regarding the determination of a reasonable hourly rate is

instructive in this case. See Sheehan, 853 F. Supp. 2d at 1042.

The Court determines the reasonable hourly rate by assessing the prevailing

market rate in the relevant community for similar work performed by attorneys of

comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d

1020, 1023 (9th Cir. 2019) (citing Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980

(9th Cir. 2008)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002); Chalmers v.

City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The relevant community

is the forum in which the district court sits. Camacho, 523 F.3d at 979 (citing Barjon v.

Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). The relevant community in this case is the

District of Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to support

the requested hourly rate." Roberts, 938 F.3d at 1024 (citing Hensley, 461 U.S. at 433)

(Camacho, 523 F.3d at 980). "The burden is on the fee applicant 'to produce satisfactory

evidence' of the prevailing market rates." Sam K. ex rel. Diane C. v. Hawaii Dept. of

Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Blum, 465 U.S. at 895). In addition to

their own statements, attorneys are required to submit additional evidence that the rate

charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir.

1987); see also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise

of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in

addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

Plaintiff requests the following hourly rates for each attorney listed below:

| Timekeeper | Rate |
|------------|------|
| Roy T. Ogawa | $275.00 |
| Kurt K. Leong | $200.00 |

In support of its request, Plaintiff provides Mr. Ogawa's declaration.

Plaintiff requests an hourly rate of $275.00 for work performed by Mr. Ogawa and an hourly rate of $200.00 for work performed by Mr. Leong.  The parties have agreed that Plaintiff's requested hourly billing rates are reasonable.  ECF No. 298 at p. 9.  "District Courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  Sam K., 788 F.3d at 1041 (citing Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)).  This Court is well aware of the rates awarded in this district.  Based on the information Plaintiff provided, the fact that the parties have agreed to the hourly rates requested, and this Court's knowledge of the prevailing rates in this community, the Court and FINDS that $275.00 per hour for work performed by Mr. Ogawa and $200.00 per hour for work performed by Mr. Leong are reasonably hourly rates.  See Roberts, 938 F.3d at 1023; Ingram, 647 F.3d at 928 (the Ninth Circuit held that district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees); Sam K., 788 F.3d at 1041 ("[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'")).

    b.  <u>Hours Reasonably Expended</u>

   The Court must now determine whether the fees requested were reasonably

necessary to achieve the results obtained. <u>Barranco v. 3D Sys. Corp.</u>, Civ. No. 13-00412

LEK-RLP, 2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (citing <u>Tirona v. State</u>

<u>Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993).  For the same reasons

discussed above, the Court finds that federal case law is instructive to determining the

reasonable hours expended in this case. <u>See</u> <u>Sheehan v. Centex Homes</u>, 853 F. Supp. 2d

1031, 1043 (D. Haw. 2011).  A prevailing party seeking attorneys' fees bears the burden

of documenting the appropriate hours expended in litigation and must submit evidence in

support of those hours worked. <u>Hensley</u>, 461 U.S. at 433; <u>Gates v. Deukmejian</u>, 987 F.2d

1392, 1397 (9th Cir. 1992).  Plaintiff requests a total of $369,055.00 in attorneys' fees for

1,550.9 hours of work performed by its Messrs. Ogawa and Leong:

| Timekeeper | Rate | Hours | Total Requested |
|---|---|---|---|
| Roy T. Ogawa | $275.00 | 785.0 | $215,875.00 |
| Kurt K. Leong | $200.00 | 765.9 | $153,180.00 |
| | **Total Fees** | 1,550.9 | $369,055.00 |

The Court must guard against awarding fees that are excessive, duplicative, or

unnecessary.  <u>Barranco</u>, 2014 WL 12650678, at *1 (citing <u>Tirona</u>, 821 F. Supp. at 637).

After careful review of the work performed in this case, the Court finds it appropriate to

reduce the total attorneys' fees by 50.7 hours as excessive and unreasonable.

    i.  <u>Clerical or Ministerial Tasks</u>

   "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected

in the charged hourly rate."  <u>Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii</u>, Civ.

No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).  Preparing

documents for filing and filing documents with the Court are clerical and

noncompensable.  OneWest Bank, FSB, 2014 WL 1326590, at *1 n. 2, report and

recommendation adopted as modified, Civ. No. 12-00108 ACK, 2014 WL 1326602 (D.

Haw. Mar. 31, 2014) (citing Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc.,

Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010),

adopted by Haw. Motorsports Inv. Inc. v. Clayton Group Servs., Civ. No. 09-00304

SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)).

Work performed on the identification and organization of exhibits are also

considered ministerial and are noncompensable.  Id.  Further, "coordinating service of

documents; and formatting or printing documents; reviewing court-generated notices;

notifying clients of court hearings; communications with court staff; scheduling; and

corresponding regarding deadlines" are all examples of clerical work.  Hawaii Def.

Found. v. City & Cty. of Honolulu, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804445, at

*8 (D. Haw. Apr. 22, 2014), report and recommendation adopted as modified, Civ. No.

12-00469 JMS, 2014 WL 2804448 (D. Haw. June 19, 2014) (citing Ko Olina Dev., LLC

v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw.

Mar. 29, 2011)).  The Court finds that the following entries are clerical and reduces

Plaintiff's requested attorneys' fees by a total of 38.6 hours:

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| Roy T. Ogawa | 08/25/17 | 0.5 | 0.5 | Prepare UCC-1 for Filing |
|  | 09/29/17 | 0.6 | 0.6 | Planning meeting with C. Kekina, atty for Ohana Control, et al. |
|  | 10/30/17 | 0.2 | 0.2 | Scheduling Conference Order |

| | | | |
|---|---|---|---|
| 11/21/17 | 1.5 | 0.7 | Final review and finalize Motion to Dismiss and Memo in Support for filing |
| 12/19/17 | 1.5 | 0.5 | Review Exhibits for RFA; revise Request for Admission |
| 12/20/17 | 1.0 | 1.0 | Revise and finalize RFA-Exhibits for submission |
| 05/12/18 | 0.5 | 0.5 | Review and prepare Exhibits to Statement |
| 06/21/18 | 0.2 | 0.1 | Discussion and follow-up with A. Horiuchi, DOE atty re: remaining work and scheduling Settlement Conference |
| 06/26/18 | 0.5 | 0.5 | Review and sort exhibits for Kinjo deposition |
| 09/19/18 | 1.0 | 0.5 | Review and analyze damages claims; exhibits for trial |
| 10/02/18 | 0.1 | 0.1 | E-mail with J. Page, SI re: trial availability |
| 10/08/18 | 1.4 | 0.7 | Trial preparation re: Exhibits List; review documents |
| 10/09/18 | 1.5 | 1.5 | Review and analyze Trial Exhibits for production |
| 10/11/18 | 0.3 | 0.3 | Review and analyze Exhibits and Scheduling Order issues |
| 10/29/18 | 0.2 | 0.2 | E-mails with F. Ishida, Monarch re: trial dates |
| 10/31/18 | 0.2 | 0.2 | E-mail fro [sic] J. Page, Surety 1 re: trial availability |
| 11/01/18 | 0.1 | 0.1 | M. Kawata, atty request to meet & confer re: trial date |
| 03/20/19 | 0.3 | 0.3 | E-mails with Judge Trader's Court Room Mgr. requesting Status Conference |
| 07/23/19 | 0.8 | 0.2 | Telcon with K. Huff re: new claims; trial exhibits issues; trial prep |
| 07/30/19 | 1.5 | 1.5 | Review and revise Exhibit list; Supplemental Exhibits |
| 08/06/19 | 0.6 | 0.6 | E-mails with Court & Witnesses re: scheduling of trial |
| 08/06/19 | 0.1 | 0.1 | E-mail to A. Horiuchi, DOE atty re: trial scheduleing [sic] DOE Witnesses |
| 08/06/19 | 0.1 | 0.1 | E-mail with D. Louie, Monarch atty re: trial rescheduling/F. Ishida |
| 08/07/19 | 0.6 | 0.6 | Telcon with K. Huff re: Nov. trial date, witness availability |
| 08/07/19 | 0.3 | 0.3 | E-mail with J. Page re: trial availability |
| 08/07/19 | 0.5 | 0.5 | E-mails with A. Horiuchi, DOE atty re: trial availability; Custodian of Records issues, etc. |
| 08/07/19 | 0.2 | 0.2 | E-mail and telcon to C. Colligan re: trial availability |
| 08/07/19 | 0.2 | 0.2 | E-mails with D. Louie, atty for F. Ishida re: trial availability |
| 08/07/19 | 0.3 | 0.3 | E-mails with S. Mizukami, Judge Mollway, Ct. Rm. Mgr. |
| 08/07/19 | 0.2 | 0.2 | E-mails with K. Huff re: trial availability |
| 08/08/19 | 0.2 | 0.2 | E-mails with C. Colligan re: trial availability |
| 08/08/19 | 0.2 | 0.2 | E-mails with J. Page re: trial availability |
| 08/08/19 | 0.1 | 0.1 | E-mail to S. Mizukami, Ct. Rm Mgr.-Judge Mollway re: trial rescheduling |
| 08/09/19 | 0.1 | 0.1 | Telcon with C. Colligan re: availability |
| 08/12/19 | 0.2 | 0.2 | E-mail to J. Page re: rescheduled trial date |
| 08/12/19 | 0.2 | 0.2 | E-mail to C. Colligan re: reschedule trial date |

| | 08/12/19 | 0.3 | 0.3 | E-mail to A. Horiuchi, DOE atty re: rescheduled trial date |
|---|---|---|---|---|
| | 08/12/19 | 0.2 | 0.2 | E-mail to D. Louie, Monarch Ins. Atty re: rescheduled trial date |
| | 08/14/19 | 0.1 | 0.1 | E-mail from C. Colligan RLB confirming trial date |
| | 08/26/19 | 0.5 | 0.5 | Supplemental Exhibits for disclosure |
| | 11/27/19 | 0.1 | 0.1 | E-mail with K. Huff re: trial date status checks with Judge Mollway's court Mgr. |
| | 12/02/19 | 0.4 | 0.4 | Review witness issues, Out of State Subpoenas issues |
| | 12/26/19 | 2.5 | 2.5 | Review Trial Exhibit/Witness schedule issues |
| | 12/26/19 | 0.2 | 0.2 | E-mail fro [sic] J. Page schedule/review & trail [sic] availability |
| | 01/03/20 | 0.4 | 0.4 | Review Supplemental Exhibits for disclosure & trial |
| | 01/10/20 | 1.0 | 1.0 | Final exhibits review/issue re: submittal of Exhibits to Court; amended Exhibits & Witness lists; supplemental exhibits (DLIR) |
| | 01/10/20 | 1.0 | 1.0 | Court room re-assignment notice; review Ct. room AV system; meeting with Ct. room Operations Supervisor, T. Lam; Court Reporter, C. Fazio/real time transcript |
| | 01/11/20 | 1.5 | 1.5 | Trial preparation & planning - review and organize witness binders & exhibits |
| | 01/29/20 | 0.1 | 0.1 | E-mail with J. Ho. Re: court date |
| | 03/11/20 | 0.5 | 0.5 | Review Exhibits for Declaration |

**Total Hours Reduced:** 23.1

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| **Kurt K. Leong** | 09/06/18 | 0.8 | 0.7 | Attend Status Conference re: Motion for Protective Order; memo to file; review minute order |
| | 09/20/18 | 1.5 | 1.5 | Work on Exhibits for trial |
| | 10/01/18 | 2.0 | 2.0 | Work on exhibits for trial |
| | 10/02/18 | 1.3 | 1.3 | Continued work on exhibits for trial |
| | 10/08/18 | 3.0 | 3.0 | Continued preparation for exchange of trial exhibits |
| | 10/09/18 | 6.0 | 6.0 | Additional work on exhibits to be exchanged with opposing counsel |
| | 12/02/19 | 1.0 | 1.0 | Work on issues re: subpoenas and service of witnesses |

**Total Hours Reduced:** 15.5

The Court made partial reductions to some entries. These partial deductions were made by dividing the hours spent amongst the tasks listed and deducting the portion related to the clerical task. At other times, additional reductions were made because the block

billing made it impossible to determine what amount of time was spent on each task listed.

Also, work performed by Mr. Ogawa on October 30, 2017, was reduced because scheduling is considered a ministerial task. The October 30, 2017 entry, "Scheduling Conference Order," without more explanation by the Plaintiff fails to specify exactly what task was performed. It is Plaintiff's burden to document the hours and submit evidence in support of the work performed. Hensley, 461 U.S. at 433. Accordingly, the hours claimed for this entry were reduced.

     ii.   Excessive Billing

"The district court may reduce the amount of requested fees . . . to deduct those hours the court deems excessive . . . " Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Moreno, 534 F.3d 1106, 1112 (9th Cir. 2008). "However, the district court must provide an adequate explanation for its fee calculation." Id. (citing Hensley, 461 U.S. at 437).

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| Roy T. Ogawa | 03/05/18 | 1.0 | 1.0 | Review First Amended Counterclaim for Response |
| | 10/15/18 | 2.0 | 0.5 | E-mail with C. Colligan, RLB re: trial |
| | 04/21/20 | 3.5 | 2.0 | Revise Memo in Support of Motion for Attys fees & Costs |
| | 05/11/20 | 2.0 | 2.0 | Review & Revise Motion for Attys Fees |
| | 05/13/20 | 1.5 | 1.5 | Revise and finalize Motion for Attys Fees & Costs |
| **Total Hours Reduced:** | | | **7.0** | |

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| **Kurt K. Leong** | 09/07/18 | 0.2 | 0.1 | Draft Withdrawal of Motion for Protective Order, etc. |
| | 03/17/20 | 0.3 | 0.3 | Bill of Costs |
| | 04/30/20 | 2.5 | 2.5 | Further research and drafting re: Motion for Attorney's Fees (including recovery of nontaxable expenses) |
| **Total Hours Reduced:** | | | **2.9** | |

The Court finds the 1 hour billed on March 5, 2018 to "Review First Amended Counterclaim for Response" excessive because counsel had already spent 1 hour reviewing the First Amended Counterclaim on February 21, 2018 (ECF No. 299-9 at p. 15) and another 1.5 hours drafting an answer to the First Amended Counterclaim on March 6, 2018 (ECF No. 299-9 at p. 17).

It is Plaintiff's burden to provide the Court with sufficient information to determine that the hours requested are reasonable. See Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted). As such, the Court finds the 2 hours billed to e-mail C. Colligan excessive without further explanation from Plaintiff. The Court also finds that 0.2 hours charged on September 7, 2018 excessive when "etc." is used to describe the work performed. The Court finds that 0.3 hours charged for "Bill of Costs" is excessive without further information about what type of work was performed on the Bill of Costs. In addition, the Court finds that the billing entries listed above regarding the research and drafting of the motion for attorneys' fees is excessive given that Plaintiff requests well over 20 hours of billing related to the motion.

   iii.  <u>Block Billing</u>

  It is reasonable for the district court to conclude that the fee applicant failed to

carry the burden of documenting the appropriate hours when the hours are block billed.

<u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 948 (9th Cir. 2007) (citations

omitted).  "[B]lock billing makes it more difficult to determine how much time was spent

on particular activities."  <u>Id.</u>  "The district court may reduce the amount of requested fees

. . . to account for block billing . . . as long as it provides an adequate explanation for its

fee calculation."  <u>Cook Productions, LLC v. Stewart</u>, Civ. No. 17-00034 ACK-RLP, 2017

WL 4797513 at *6 (D. Haw. Oct. 24, 2017) (citing <u>Ryan v. Editions Ltd. West, Inc.</u>, 786

F.3d 754, 763 (9th Cir. 2015)).  Here, the Court finds that the following entries are block

billed:

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| **Roy T. Ogawa** | 10/15/18 | 1.0 | 0.2 | Review and revise Final Witness List; discussion with KKL |
| | 08/05/19 | 1.5 | 0.3 | Defendants Proposed Vior Dine [sic]; Findings of Fact; Objection to Exhibits; Kinjo Jury Instructions; Special Verdict Form; Trial Brief |
| **Total Hours Reduced:** | | | 0.5 | |

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| **Kurt K. Leong** | 09/06/18 | 1.0 | 0.2 | Review files in preparation for Status Conference re: Motion for Protective Order; exchange emails with DOE's attorney |
| | 09/19/18 | 0.8 | 0.2 | Discussion w/ R. Ogawa re: potential exhibits for trial, meet and confer with opposing counsel, settlement discussions, etc.; review potential exhibits; email to court reporter re: subpoenaed documents |
| | 09/28/18 | 3.0 | 0.6 | Draft Ex Parte Motion to Shorten Time; Draft Declaration re; Motion for Order to Show Cause; revise Motion |

| | | | |
|---|---|---|---|
| 10/15/18 | 2.3 | 0.5 | Additional drafting re: Motion in Limine to Exclude Defendants' Evidence after discovery deadline; add arguments re: exclude exhibits produced after deadline for exchange of exhibits |
| 01/02/20 | 0.8 | 0.2 | Review research menu re: damages and collateral security; review jury instructions re specific performance of collateral security provision |
| **Total Hours Reduced:** | | **1.7** | |

The Court reduces all block billed entries by 20%. Accordingly, these entries have been reduced by a total of 2.2 hours.

### iv. Total Lodestar Award

The Lodestar calculation is completed by multiplying the number of hours reasonably expended by the reasonable hourly rate as illustrated below:

| Timekeeper | Rate | Hours | Lodestar |
|---|---|---|---|
| Roy T. Ogawa | $275.00 | 754.4 | $207,460.00 |
| Kurt K. Leong | $200.00 | 745.8 | $149,160.00 |
| | **Total Fees** | 1,500.2 | $356,620.00 |

Based on the Lodestar calculation, the Court finds that $356,620.00 is the total amount of reasonable attorneys' fees for 1,500.2 hours of work performed by Plaintiff's attorneys.

### G. Twenty-Five Percent Limitation on Fees

### 1. Twenty-Five Percent Cap is Applicable

Haw. Rev. Stat. § 607-14 imposes a limit on the award of attorneys' fees of twenty-five percent of the judgment. Haw. Rev. Stat. § 607-14 also states that:

> Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed . . .

> The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

Id.  "However, the Hawaii Supreme Court has stated that the twenty-five percent cap does not apply in cases that involve 'only an adjudication of rights in which no monetary liability is at issue.'"  Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1057 (D. Haw. 2012) (citations omitted).

In Seven Signatures Gen. P'ship, the plaintiff sought an order compelling arbitration or mediation and thus, money damages were not sought.  Id.  As such, the Court found that the cap in Haw. Rev. Stat. § 607-14 did not apply.  Id.  In Sheehan v. Centex Homes, the plaintiff sought to rescind a real estate sales contract and for restitution and thus, the Court found that the matter was akin to an action for declaratory judgment where the cap would not apply.  Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1040-41 (D. Haw. 2011).  In Food Pantry, Ltd. v. Waikiki Business Plaza, Inc., the plaintiff sought declaratory adjudication to determine whether a lessor was required to consent to assignments and subleases.  Food Pantry, Ltd. v. Waikiki Business Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 880 (1978).  Because the plaintiff brought a declaratory action, the Court concluded that the limit does not apply.  Id.  In Amfac, Inc. v. Waikiki Beachcomber Inv. Co., the Court found that the plaintiff was not seeking a monetary judgment, but rather a declaratory judgment that it had performed its obligations under an indemnification agreement and therefore, had not breached the agreement.  Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 839 P.2d 10 (D. Haw. 1992).  Because the plaintiff was not seeking a monetary judgment, the Court found that the statutory ceiling for attorneys' fees did not apply.  Id.

In this case, Plaintiff brought the following claims in its Complaint:

(1)    Breach of Contract of Indemnity Against Defendants
(2)    Unjust Enrichment Against All Defendants
(3)    Quia Timet Against Defendants
(4)    Foreclosure of Security Interest

ECF No. 1.  Plaintiff's breach of contract and unjust enrichment claims allege that

Plaintiff suffered monetary damages.  ECF No. 1 at ¶¶ 23 & 26.  Even though Plaintiff's

quia timet[1] and foreclosure claims do not seek monetary damages, the nature of this case,

including the First Amended Complaint, sounds in assumpsit.  See infra Part G.2. n. 2.

Thus, the Court finds that the statutory limit in Haw. Rev. Stat. § 607-14 applies.

In addition, the facts in Liberty Mutual Ins. Co. v. Sumo-Nan LLC ("Liberty

Mutual case"), Civ. No. 14-00520 DKW-KSC, are similar to those in this case.  In that

case, the Court stated that the statutory limit need not be applied to the total damages

because the fees awarded did not exceed twenty-five percent.  Id.  Plaintiff Liberty

Mutual Insurance Company ("Plaintiff Liberty Mutual") issued performance and

payment bonds on behalf of Defendant Sumo Nan LLC ("Defendant Sumo-Nan") in

connection with a construction project.  See Civ. No. 14-00520 DKW-KSC, ECF No. 1 at

¶ 15.  Plaintiff Liberty Mutual and the defendants in the Liberty Mutual case entered into

---

[1] Plaintiff's quia timet claim states that Plaintiff suffered damages in excess of
$341,734.00.  However, a quia timet is "[a] legal doctrine that allows a person to seek
equitable relief from a future probable harm to a specific right or interest."
AstenJohnson, Inc. v. Columbia Cas. Co., 562 F.3d 213, 224-25 (3d Cir. 2009) (citations
omitted) ("With respect to bills of quia timet, American cites a string of cases which state
that a declaratory judgment is 'analogous to' or had 'its genesis in' the equitable bill of
quia timet").  Under its quia timet claim, Plaintiff claims it is entitled to receive a
temporary restraining order, a preliminary injunction, and a permanent injunction.  As a
result, this claim, on its own, does not seek monetary damages.

a contract titled General Agreements of Indemnity and agreed to certain Amendments.

Id. at ¶ 17.

Under the GAI, the defendants in the Liberty Mutual case had "agreed to

indemnity [Plaintiff Liberty Mutual] from and against any and all liability for losses, fees,

costs and expenses of whatsoever kind or nature which [Plaintiff Liberty Mutual] . . .

incurred as a consequence of issuing bonds on behalf of [Defendant Sumo-Nan] or as a

consequence of a breach of the GAI by Defendants." Id. at ¶ 19. In its Complaint,

Plaintiff Liberty Mutual alleged that due to Defendant Sumo-Nan's failure to meet its

obligations in a construction project, Plaintiff Liberty Mutual received claims on the

Bond. Id. at ¶¶ 25-26. Plaintiff Liberty Mutual made collateral demands to the

defendants in the Liberty Mutual case. Id. at ¶ 29. Similar to this case, Plaintiff Liberty

Mutual's Complaint alleged breach of contract of indemnity, unjust enrichment, and quia

timet against all defendants in the Liberty Mutual case. Id.

Pursuant to Haw. Rev. Stat. § 607-14, Plaintiff Liberty Mutual, sought attorneys'

fees as the prevailing party in the Liberty Mutual case. Liberty Mut. Ins. Co. v. Sumo-

Nan LLC, Civ. No. 14-00520 DKW-KSC, 2017 WL 810277, at *5 (D. Haw. Mar. 1,

2017). The Court noted:

> HRS § 607-14 limits the award of attorneys' fees to 25% of the judgment.
> Although judgment has not yet been awarded here, the fees awarded do not
> exceed 25% of the amount of the principal payment ($1,866,989.29) made
> by Defendants to Liberty Mutual on April 11, 2016 pursuant to the
> Stipulation. Therefore, **the Court finds that the fee award need not be
> capped in order to comply with HRS § 607-14**.

Id. at *7 n.7 (emphasis added). In finding that the fee award need not be capped (because

the fees awarded did not exceed twenty-five percent), the Court acknowledged that the

statutory limitation applied to the Liberty Mutual case. As such, the Court's reasoning in the Liberty Mutual case is consistent with this Court's finding in this case that the statutory limitation is applicable.

2.     Calculation of the Statutory Limit

As it relates to Plaintiff's Complaint, judgment was awarded to Plaintiff against the Defendants. Haw. Rev. Stat. § 607-14 requires that the fees provided under the statute "shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff . . . " Id. Thus, the Court looks to the amount of judgment, excluding attorneys' fees and costs, to calculate the statutory limit when a plaintiff prevails. The First Amended Judgment provides that judgment was entered in favor of Plaintiff "for damages in the amount of $20,260.93 and specific performance in the form of the posting by Defendants of cash collateral in the amount of $698,515.00[.]" ECF No. 250. Because the statute indicates that the cap is assessed on "the amount of the judgment," the total on which the 25% limit is calculated is $718,775.93 ($698,515.00 + $20,260.93).[2]

As it relates to Defendants' First Amended Counterclaim, Plaintiff became the counterclaim defendant and prevailed against First Amended Counterclaim. When a defendant obtains judgment in its favor, Haw. Rev. Stat. § 607-1 requires that the

---

[2] Plaintiff's breach of contract and unjust enrichment claims are in the nature of assumpsit claims. Plaintiff's quia timet and foreclosure claims appear to be non-assumpsit claims. Nevertheless, the Court finds that any apportionment of attorneys' fees (if required to determine the statutory limit) between the claims, including the Defendants' First Amended Counterclaim would be difficult, if not impossible, because the assumpsit and non-assumpsit claims are inextricably intertwined. See Au v. Funding Group, Inc., 933 F. Supp. 2d 1264, 1272-73 (D. Haw. 2013).

statutory limitation be based on "the amount sued for if the defendant obtains judgment."

Id.; see Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 124, 176 P. 3d

91, 123 (2008) (Haw. Rev. Stat. § 607-14 mandates that when a plaintiff obtains

judgment, the attorneys' fees awarded is assessed on the amount of the judgment

exclusive of costs and all attorneys' fees; when a defendant obtains judgment, the amount

of attorneys' fees awarded is assessed on the amount sued for).  In this case, Defendants'

First Amended Counterclaim sought damages in the amount of $388,000.00.  ECF No.

130-4 at p. 1.  Thus, the total limit should be calculated using $1,106,775.93

($718,775.93 + $388,000.00).

Accordingly, Plaintiff's attorneys' fees may not exceed $276,693.98

($1,106,775.93 x 25%).  Plaintiff's total lodestar award is $356,620.00; however, under

Haw. Rev. Stat. § 607-14, the total award permissible is $276,693.98.

"Generally, it is common practice for district courts to award general excise tax

when awarding attorney's fees."  Annette K. v. Hawaii Dep't of Educ., Civ. No. 12-

00154 HG-BMK, 2013 WL 3731102, at *3 (D. Haw. July 13, 2013) (citations omitted).

However, in this case, the amount of reasonable attorneys' fees exceeds the statutory

limit.  Moreover, in its Second Motion for Attorneys' Fees, Plaintiff explicitly states that

if the statutory limitation is applicable, Plaintiff's attorneys' fees should be capped at

$276,693.98, which is precisely what the Court has determined to be the statutory limit

here.  ECF No. 299-1 at p. 22.  Plaintiff does not request that its G.E.T. should be

awarded separately from the statutory limit.  In addition, Plaintiff has not provided any

argument or authority showing that the G.E.T. is awarded separately from the statutory

cap.  As such, the Court declines to award G.E.T. in addition to the statutory maximum of $276,693.98.

H.    Reasonable Costs

The Court next addresses Plaintiff's requested costs.  Although Haw. Rev. Stat. § 607-14 does not expressly authorize non-taxable costs, the GIA allows for the collection of costs.  Plaintiff requests related nontaxable expenses or costs in the amount of $367.36.  The parties agree that Plaintiff's requested costs in the amount of $367.36 are reasonable.  The Court Finds that costs in the amount of $367.36 should be awarded.

I.    Plaintiff's Request for Sanctions

Plaintiff requests that it be awarded all of its attorneys' fees incurred to bring the Second Motion for Attorneys' Fees.[3]  The Court shall DENY Plaintiff's request in that the statutory limit for attorneys' fees has been reached.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses, filed on June 16, 2020, be GRANTED IN PART and DENIED IN PART.  The Court RECOMMENDS that Plaintiff be awarded a total of $276,693.98 in attorneys' fees and $367.36 in costs.  The

---

[3] Plaintiff's request for sanctions appears in both the body of the motion and the "Conclusion" portion of the Second Motion for Attorneys' Fees.  The body of the Second Motion for Attorneys' Fees requests for attorneys' fees incurred to bring the Second Motion for Attorneys' Fees, and the "Conclusion" section requests for attorneys' fees incurred in bringing the "Second Motion for New Trial."  The Court finds that the second request regarding the "Second Motion for New Trial" is likely an inadvertent typo.

Court RECOMMENDS that the Second Motion for Attorneys' Fees be DENIED in all

other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 30, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 17-00435 SOM-RT; *Philadelphia Indemnity Ins. Co. v. Ohana Control Systems, Inc., et al.*; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses