IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) | CIVIL NO. 17-00435-SOM-RT |
| Plaintiff, | ) ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION |
| vs. | ) ) | |
| OHANA CONTROL SYSTEMS, INC., a Hawaii Corporation, AMIR BOROCHOV, and LINDA KINJO, | ) ) ) ) | |
| Defendants. _____ | ) ) | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION**

The court has before it the Magistrate Judge's "Findings and Recommendation To Grant in Part and Deny in Part Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses" ("F&R"), filed on September 30, 2020.  No objection has been filed to the F&R.  The court here adopts the unchallenged F&R.

Notwithstanding the lack of objection by any party, the court has taken the time to independently review the F&R.  This case involved a dispute relating to a performance bond obtained by Defendant Ohana Control Systems, Inc., a contractor that installed fire alarms, from Plaintiff Philadelphia Indemnity Insurance Company.  Ohana had multiple contracts with the State of Hawaii's Department of Education.  In return for providing performance bonds relating to Ohana's contracts with the State, Philadelphia Indemnity required Ohana and its individual

principals to sign an indemnity agreement.  The indemnity agreement included a requirement that, upon Philadelphia Indemnity's demand, Defendants post collateral to cover claims that might be made by the State and that Philadelphia Indemnity might be called upon to address.  Following a jury trial on damages claims, this court issued a post-trial order relating to Philadelphia Indemnity's equitable claim that Defendants had to post collateral.  The amount of collateral that this court ordered Defendants to post far exceeded the damages awarded by the jury.

State law is not entirely clear as to whether the dollar amount of the collateral should be considered in the calculation of the 25 percent cap on fee awards set forth in Haw. Rev. Stat. § 607-14.  This court has not found any express statement by the Hawaii Supreme Court going to whether such relief should be considered when the court calculates the 25 percent cap.  This court is cognizant of the possibility that, given the uncertainties inherent in litigation, Philadelphia Indemnity may end up not having to pay anything at all to the State if litigation ensues involving the State's complaints about Ohana's work.  But Defendants agreed to post collateral as part of their contract with Philadelphia Indemnity, and Philadelphia Indemnity has incurred attorneys' fees in enforcing that obligation.

In reviewing the F&R, this court has studied *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.,* 58 Haw. 606, 575 P.2d 869 (1978). This court has also found guidance in *DFS Group L.P. v. Paiea Properties,* 110 Haw. 217, 131 P.3d 500 (2006), and *Piedvache v. Knabusch,* 88 Haw. 115, 962 P.2d 374 (1998). Although the language of section 607-14 does not discuss the situation presented by this case and the authorities the court has identified do not clearly address the issue of whether this court's ruling on collateral should be considered in calculating the 25 percent cap set forth in Haw. Rev. Stat. § 607-14, the court is satisfied that the recommendation in the F&R is consistent with the Hawaii legislature's goal of permitting reasonable fee awards not exceeding 25 percent of the amount in issue whenever possible.

The lack of objection to the F&R makes it unnecessary for this court to detail all the arguments for and against treating the collateral award in calculating a fee award. It may be that, in a future case, authorities and arguments may be raised in a similar or analogous situation that will cause this court to address such detailed arguments. Not having those before it at this time, this court adopts the F&R.

IT IS SO ORDERED.

DATED: Honolulu, October 21, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Philadelphia Indemnity Insurance Co. v. Ohana Control Sys., Inc.*, Civ. No. 17-00435 SOM-RT; ORDER ADOPTING FINDINGS AND RECOMMENDATION